UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED:  9|25/06
```

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

CREDIT SUISSE FIRST BOSTON, LLC,

Plaintiff,

04 Civ. 6854 (RJH)

- against -

**MEMORANDUM OPINION
AND ORDER**

INTERSHOP COMMUNICATIONS AG,

Defendant.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

By Memorandum Opinion and Order dated January 3, 2006 ("Decision"), this
Court denied defendant Intershop Communications AG ("Intershop") leave to file an
amended answer pursuant to Rule 15(a) of the Federal Rules of Civil Procedure.
Intershop has moved for certification of an order for interlocutory appeal pursuant to 28
U.S.C. § 1292(b), and for a stay of these proceedings pending its resolution. For the
reasons stated below, that motion [39] is denied.

## BACKGROUND

The Court assumes familiarity with its prior decision in this action, *Credit Suisse
First Boston, LLC v. Intershop Communications AG*, 407 F. Supp. 2d 541 (S.D.N.Y.
2006), and in the interest of brevity will limit its background discussion to facts relevant
to the present motion.

In this action, plaintiff, Credit Suisse First Boston, LLC ("CSFB"), seeks to
enforce the indemnification clause of its September 28, 2000 underwriting agreement for
Intershop's initial public offering (the "IPO"), to collect fees incurred defending a
securities class action lawsuit filed in connection with the IPO (the "Class Action"). In

1

the prior Class Action, the only claim alleged against CSFB was under Section 11 of the Securities Act of 1933, as amended, 15 U.S.C. § 77k. The Class Action also alleged claims under Section 10(b) of the Securities Exchange Act of 1934, as amended 15 U.S.C. § 78j(b), but solely as against Intershop and its individual officers. After several rounds of motion practice and two amended complaints, the Section 11 claims, including those against CSFB, were dismissed with prejudice in their entirety. Portions of the Section 10(b) claims were also dismissed, and Intershop ultimately settled the remainder of the fraud claims without any admission of wrongdoing, effectively ending the Class Action.

In its original answer to plaintiff's corrected complaint, Intershop raised the defense that CSFB was "estopped by its conduct from asserting its claims against Intershop in this action." (Intershop Original Answer, Oct. 13, 2004, Brosnick Decl. Ex. 3.) Defendant thereafter moved to compel discovery in support of this defense. At oral argument on defendant's motion to compel discovery, held on May 11, 2005, the Court ruled that the language of Intershop's estoppel defense was insufficient to raise a defense that CSFB should be precluded on public policy grounds from seeking indemnity for costs incurred in connection with its defense of the Class Action. The Court therefore directed Intershop to apply for leave to file an amended answer pursuant to Rule 15(a) of the Federal Rules of Civil Procedure. Intershop did so, moving to include a sixth affirmative defense, whereby Intershop would assert that CSFB's indemnification claim was barred by public policy since CSFB was allegedly complicit in the Section 10(b) violations asserted against Intershop in the Class Action, and therefore not entitled to

indemnity recovery under *Globus v. Law Research Service, Inc.*, 418 F.2d 1276, 1288 (2d Cir. 1969), *cert. denied* 397 U.S. 913 (1970), and its progeny.

The Court denied that motion on the ground that amendment would be futile, holding that in a circumstance where an underwriter has successfully defended *all* claims alleged against it in a securities fraud class action on the merits, an allegation—made solely by the issuer—that such underwriter engaged in securities law violations *not* alleged against it in the class action but arising out of the same IPO, will not provide a viable defense to indemnification, where a valid indemnification clause exists. *See Credit Suisse First Boston*, 407 F. Supp. 2d 541.

Defendant seeks certification of an order for interlocutory appeal with respect to (1) the Court's finding that the estoppel defense as articulated in the original answer was insufficient to state its proposed public policy defense, and (2) the Court's denial of defendant's motion to amend its answer.

## DISCUSSION

The determination of whether certification of an order for interlocutory appeal under section 1292(b) should issue is in the discretion of the district court. *In re Blech Sec. Litig.*, 2003 WL 134988, at *1 (S.D.N.Y. Jan. 17, 2003). "Under section 1292(b), the order being appealed must (1) involve a controlling question of law (2) over which there is substantial ground for difference of opinion, and the movant must also show that (3) an immediate appeal would materially advance the ultimate termination of the litigation. In addition, leave to appeal is warranted only when the movant demonstrates the existence of exceptional circumstances." *In re East 44th Realty LLC*, 2006 WL 1422360, at *2 (S.D.N.Y. May 24, 2006) (internal quotation marks and citations

omitted); *see also* 28 U.S.C. § 1292(b). An interlocutory appeal is "a rare exception to
the final judgment rule that generally prohibits piecemeal appeals." *Koehler v. Bank of
Bermuda Ltd.*, 101 F.3d 863, 865 (2d Cir. 1996); *see also Coopers & Lybrand v. Livesay*,
437 U.S. 463, 474–75 (1978).

The Second Circuit Court of Appeals has "repeatedly cautioned . . . use of this
certification procedure should be strictly limited because 'only exceptional circumstances
[will] justify a departure from the basic policy of postponing appellate review until after
the entry of a final judgment.'" *In re Flor*, 79 F.3d 281, 284 (2d Cir. 1996) (quoting
*Klinghoffer v. S.N.C. Achille Lauro*, 921 F.2d 21, 25 (2d Cir. 1990)); *see also Westwood
Pharmaceuticals, Inc. v. Nat'l Fuel Gas Dist. Corp.*, 964 F.2d 85, 89 (2d Cir. 1992)
(advising that district courts must use "great care" in making a section 1292(b)
certification). An interlocutory appeal may not be used as a vehicle to provide early
review of difficult rulings in hard cases. *See Williston v. Eggleston*, 410 F. Supp. 2d 274,
276 (S.D.N.Y. 2006) (quoting *Wausau Bus. Ins. Co. v. Turner Constr. Co.*, 151 F. Supp.
2d 488, 492 (S.D.N.Y. 2001)). Moreover, a litigant, who is dissatisfied with a court
ruling, may not utilize § 1292(b) as a means "'for securing early resolution of disputes
concerning whether the trial court properly applied the law to the facts.'" *Monaghan v.
SZS 33 Assoc., L.P.*, 153 F.R.D. 60, 64 (S.D.N.Y. 1994) (quoting *Abortion Rights
Mobilization Inc. v. Regan*, 552 F. Supp. 364, 366 (S.D.N.Y. 1982)).

To determine whether a "controlling question of law" exists, a court must
consider whether: "reversal of the district court's opinion could result in dismissal of the
action; reversal of the district court's opinion, even though not resulting in dismissal,
could significantly affect the conduct of the action; or, the certified issue has precedential

value for a large number of cases." *Primavera Familienstifung v. Askin*, 139 F. Supp. 2d
567, 570 (S.D.N.Y. 2001). "Immediate appeal may be considered to advance the
ultimate termination of litigation if 'appeal promises to advance the time for trial or to
shorten the time required for trial.'" *In re Blech*, 2003 WL 134988, at *1 (citing *In re
Oxford Health Plans, Inc.*, 182 F.R.D. 51, 53 (S.D.N.Y. 1998)).

Both parties agree that a reversal of this Court's decision would not result in
dismissal of this action. *See Primavera*, 139 F. Supp. 2d at 570. Nor would reversal
advance the time for trial or shorten the time required for trial. *See In re Blech*, 2003 WL
134988, at *1. Likewise, defendant has not satisfactorily shown that any issue in the
Court's decision has "precedential value for a large number of cases." *See Primavera*,
139 F. Supp. 2d at 570. Furthermore, although the issue here in dispute appears to be one
of first impression, as the Second Circuit has noted, that fact, "standing alone, is
insufficient to demonstrate a substantial ground for difference of opinion." *In re Flor*, 29
F.3d at 284 (citations omitted); *see also In re Adorn Glass & Venetian Blind Corp.*, 2005
WL 3481325, at *5 (S.D.N.Y. Dec. 16, 2005) (citing *Flor* and noting that section
1292(b)'s legislative history indicates that there must be "substantial doubt" that the
district court's order was correct); *Ralph Oldsmobile Inc. v. Gen. Motors Corp.*, 2001 WL
55729, at *4 (S.D.N.Y. Jan. 23, 2001) (rejecting argument that substantial ground for
difference of opinion exists merely because the order addressed a matter of first
impression and reached a different conclusion than cases upon which defendant relied in
arguing for summary judgment). Instead the district court must "analyze the strength of
the arguments in opposition to the challenged ruling when deciding whether the issue for
appeal is truly one on which there is *substantial* ground for dispute." *Id.* (emphasis in

original). Having reviewed the arguments in opposition to the challenged ruling as presented on the prior motion to amend the answer and as reiterated in the present motion for an interlocutory appeal, the Court concludes that, despite the novelty of the disputed issue, it is not a question on which there is substantial ground for dispute.

In sum, defendant has not met its high burden of showing "exceptional circumstances" to justify an immediate appellate review. *See In re East 44th Realty LLC,* 2006 WL 1422360, at *2. The Court, therefore, declines to certify an interlocutory appeal and defendant's motion [39] is denied.

SO ORDERED

Dated: New York, New York
       September 25, 2006

Richard J. Holwell
United States District Judge

6